DLD-354, DLD-355, DLD-356 and DLD-357          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-2844, 14-2845, 14-2846 and 14-2847
_____

IN RE:  JAMES C. PLATTS,

                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Crim. No. 2:10-cr-00176-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 5, 2014
Before:  SMITH, HARDIMAN and KRAUSE, Circuit Judges

(Opinion filed: September 16, 2014 )
_____

OPINION
_____


PER CURIAM

     Pro se petitioner James Platts has filed petitions for writs of mandamus seeking to

compel the District Court to rule on his many pending motions which, in one form or

another, argue that his criminal sentence needs to be corrected in order to prevent his

incarceration from amounting to a fundamental miscarriage of justice.  We will deny the

petitions.

In October 2011, Platts pleaded guilty to multiple counts of mail fraud, money laundering, and conspiracy, and the District Court sentenced him to 46 months of imprisonment. Although Platts waived his appellate and collateral challenge rights in his plea agreement, he appealed. We granted the Government's motion to enforce the appellate waiver and summarily affirmed on that basis. See United States v. Platts, C.A. No. 12-2327 (order entered Jan. 11, 2013). Since our mandate issued on April 25, 2013, Platts has filed no fewer than fourteen motions in the District Court related to his conviction and sentence. The District Court promptly disposed of two of those motions, and then found it necessary to seek clarification from Platts as to his intention in filing one of the many other motions attacking his sentence. Platts complied with the court's order by filing a response and then some – in fact, ten motions followed shortly after. Platts now asks that we direct the District Court to dispose of his pending motions.

Mandamus is a "drastic remedy" available in extraordinary circumstances only. In re: Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (1997). Generally, a court's management of its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a district court handle a case in a certain manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). However, mandamus may be warranted when a

2

district court's delay "is tantamount to a failure to exercise jurisdiction" and rises to the level of a due process violation. Madden, 102 F.3d at 79.

The delay complained of by Platts is not tantamount to a failure to exercise jurisdiction, especially considering the endless stream of motions he continues to file with the court. Because only a little more than five months have passed since Platts filed the bulk of his motions, we conclude that the delay does not rise to the level justifying our intervention. See id. We are fully confident that the District Court will adjudicate Platts' motions in due course and that such adjudication will proceed more efficiently if Platt discontinues his current habit of inundating the District Court with several motions per month, and affords the District Court the opportunity to dispose of the motions currently pending.

Accordingly, because Platts has not demonstrated that mandamus relief is warranted, we will deny the petitions.